



FILED '23 12 06 AM09:42 MDGA-MAC

# DECLARATION OF TRUST
The Anu Living Trust (the "Trust")
~ Created November 5, 1937 ~

This DECLARATION OF TRUST (this **"Declaration"**) is made and executed on the date below by and between the herein-named grantors and trustees. This irrevocable trust created herein will be known as the Anu Living Trust (the **"Trust"**).

## WITNESSETH:

### 1. **FAMILY**

At the time of executing the Trust, the grantor, Ishmael Bey, also known as Ishmael Bey, (the "Grantor") is not married. The names of Ishmael Bey's children and family are listed below. Unless otherwise specifically indicated in this Trust, any provision for Ishmael Bey's children includes the below-named children as well as any child of Ishmael Bey hereafter born or adopted.

> Shakir Edwards
> Neferari Edwards

### 2. **TRUST PROPERTY**

The Grantor declares that he has set aside and caused the transfer of all of his right, title, and interest in and to the property described in <u>Schedule A</u> to the Trust (together with any other property added to the Trust, (the **"Trust Property"**) for the use, benefit, and enjoyment of the beneficiaries named herein. At any time, hereafter; the Grantor may transfer any other real or personal property to the Trust. The Trust may also receive property from any other source, including pursuant to the Grantor's last will and testament. The Trust Property will be held, administered, and distributed as set forth in the Trust and any subsequent amendments to it.

### 3. **AUTHORITY, POWER and RIGHTS OF GRANTOR**

(a) <u>Amend and Revoke</u>. The Grantor has the authority, power, and right to amend, modify, or revoke the Trust. The Grantor is not required to give prior notice to or obtain the consent of any beneficiary or trustee hereunder before making such changes. All amendments, notices, or other documents and instruments affecting or furthering the purposes of this Declaration must be in a signed writing delivered to the trustee.

(b) <u>Appointment of Trustee</u>. The Grantor may at any time appoint, substitute, or otherwise change the person designated to act as trustee or successor trustee hereunder. The Grantor is not required to give notice to or obtain the consent of any such trustee, successor trustee, or beneficiary before making such changes.

FILED '23 12 06 AM09:42 MDGA-MAC

## ASSIGNMENT OF RIGHTS AND
## DELEGATION OF PERFORMANCE
### ~ M.C.L. 440.2210 ~

THIS ASSIGNMENT OF RIGHTS AND DELEGATION OF PERFORMANCE (this "Assignment") is dated as of November 14, 2023, by and among MALACHI ZODOK   YORK, Estate ("Assignor") and ANU EL, Living Trust (the "Assignee") Dated November 5, 1937, and any amendments thereto, recites and provides as follows:

### RECITALS:

WHEREAS, the Assignor is the owner of an aggregate one hundred percent (100%) Membership Interest in the U.S. Court of Appeals 11th Circuit Court Case Number 5:18-CV-460 (MTT) (the "Case"); and

WHEREAS, the Assignor proposes to assign, transfer and sell to Assignee one hundred percent (100%) Membership Interest in the Case, leaving Assignor without an interest in said Case, (the "Assigned Interest") by the execution and delivery of this Assignment and Assumption Agreement. The Assignor now wishes to assign and transfer to the Assignee all of the Assignor's right, title and interest in and to the Assigned Interest.

### ASSIGNMENT AND ASSUMPTION AGREEMENT:

For and in consideration of the sum of Love and Affection, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Assignment. The Assignor hereby sells, conveys, assigns and transfers to the Assignee all of the Assignor's rights, title and interests in and to the Assigned Interest subject to the terms and conditions of that certain Case dated August 28, 2023.

2.    Acceptance, Assumption and Indemnity by Assignee. The Assignee (a) accepts the assignment of all of the Assignor's rights, titles and interests in and to the Assigned Interest, (b) agrees to be bound by all of the terms, covenants and conditions of the Operating Agreement, and (c) assume the obligations and liabilities of the Assignor under the Operating Agreement from and after the date hereof with respect to the Assigned Interests. From and after the date hereof, the Assignor shall not have any obligations or liabilities with respect to the Assigned Interest, including without limitation, the obligation to make capital contributions.

3.    Representations of Assignee. Assignee has been advised that the Assigned Interest is not registered under the Securities Act of 1933 nor under the and represents, warrants and agrees as follows: (a) that Assignee is entering into an agreement and is acquiring the securities represented for Assignee's own account, solely for investment purposes, and not with a view to resale of said securities; (b) that Assignee has such knowledge and experience in business and financial matters which enables Assignee to be capable of evaluating the risks and merits of this investment; (c) that Assignee is able to bear the economic risks of this investment; (d) that any security that may be issued will not be resold or otherwise transferred or assigned without appropriate compliance with the registration provisions of the Securities Act of 1933 and applicable State blue sky laws or exemption therefrom; and (e) that Assignee has been provided with or permitted access to all information which Assignee deems material to formulating an investment decision and that such information has been sufficient to make an informed investment decision.

4.    Release and Termination. The Assignee hereby releases the Assignor from all obligations related to the Assigned Interest or as otherwise incurred by Assignor under the terms of the Operating Agreement with respect to the Assigned Interest.

5.    Completeness and Modification. This Assignment constitutes the entire agreement between the parties hereto as to the subject matter hereof.

6.    Counterparts. To facilitate execution, this Assignment may be executed in as many counterparts as may be required. It shall not be necessary that the signature on behalf of both parties hereto appear on each counterpart

Assignment                                                                                                          1

hereof, and it shall be sufficient that the signature on behalf of each party hereto appear on one or more such counterparts. All counterparts shall collectively constitute a single agreement. This Assignment (or counterpart thereof) signed by one or more of the parties and delivered by facsimile shall be effective as an original.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment to be duly executed by their duly authorized representatives as of the date of this Assignment.

**ASSIGNOR:**

By: _Malachi Zodok York_
Malachi Zodok York
Title: Executor

**ASSIGNEE:**

By: _Ishmael Bey_
ANU EL, Living Trust
Name: Ishmael Bey
Title: Trustee

The undersigned execute this Assignment to evidence their consent to the assignment of
Assigned Interest from Ishmael Bey, Executor on behalf of Ishmael Bey to Ishmael Bey, Trustees of the Anu Living Trust.

STATE OF MICHIGAN          )
                           )
COUNTY OF WAYNE            )

                              Jurat

Subscribed and sworn to before me this 19th day of November, 2023 by Malachi Zodok York, Executor of the MALACHI ZODOK   YORK, Estate and Ishmael Bey, Trustee of the ANU EL, Living Trust.

_Lay O Was_
Notary Signature

> LARRY D. WARD
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF WAYNE
> My Commission Expires september 18 2027
> Acting in the County of _____

After recording, please return to:

Marlon D. Matthews, Trustee
c/o 18846 W. 7 Mile Road
Detroit, Michigan [48219]
313-752-4374

This instrument was prepared by:

Sa'a Démon El Bey
c/o 18846 W. 7 Mile Road
Detroit, Michigan [48219]
(989) 272-3224

Assignment                                                                    2