IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MALACHI Z YORK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:23-CV-00488-MTT-CHW |
| | : | |
| **MACON COUNTY POLICE DEPARTMENT,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ORDER

Plaintiff Malachi Z. York, also known as Dwight D. York, a federal inmate presently housed in the Florence ADMAX USP in Florence, Colorado, has filed a *pro se* pleading that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).[1] Plaintiff York did not, however, pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28

---

[1] Plaintiff York appears to go by several different names, including but not limited to Malachi K. York, Issa Al Haadi Al Mahdi, and Dwight York. *See, e.g.*, *York v. Federal Bureau of Prisons*, Order of Dismissal 1, ECF No. 19 in Case No. 1:09-cv-02331-ZLW (D. Co. Jan. 19, 2010). The Federal Bureau of Prisons inmate locator shows Dwight York is currently incarcerated at the Florence ADMAX USP and lists his Register Number as 17911-054. https://www.bop.gov/inmateloc/ (searched "Dwight York") (last accessed Jan. 5, 2024).

U.S.C. § 1915(a)(1)-(2).  Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff York is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average monthly balance in Plaintiff York's prison trust account as required by 28 U.S.C. § 1915.  *See id.* (requiring the district court to assess an initial partial filing fee when funds are available).  Accordingly, Plaintiff York is **DIRECTED** to either pay the Court's $405.00 filing fee in full or submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.  The Clerk is **DIRECTED** to provide Plaintiff York with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff York is also **ORDERED** to recast his Complaint on the Court's standard form.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff York has a claim against and wishes to include as a Defendant in the present lawsuit.  Plaintiff York is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff York must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff York list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

2

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff York should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff York's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff York fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff York makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff York is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state or federal official. Plaintiff York will not be permitted to join claims against multiple

defendants in one action unless he can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.  Plaintiff York is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).  Plaintiff York may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> the pre-printed pages of the Court's standard form.  The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff York has stated an actionable claim.  Accordingly, any fact Plaintiff York deems necessary to his lawsuit should be clearly stated in his recast complaint, even if he has previously alleged it in another filing.  The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to Plaintiff York.

The Court notes that the Complaint in this case appears to have been mailed by Mr. Ishmael Bey.  *See* Attach. 5 to Compl. 1, ECF No. 1-5.  Mr. Bey has also provided the Court with a document entitled "Assignment of Rights and Delegation of Performance." Attach. 2 to Compl. 3, ECF No. 1-2.  To the extent Mr. Bey intends for this document to permit him to prosecute this lawsuit on Plaintiff York's behalf, it does not do so.  Even

assuming without deciding that Plaintiff York has claims that can legally be assigned to a third-party and that the document submitted by Mr. Bey is an effective means of doing so, the document only purports to assign Plaintiff York's "one hundred percent (100%) Membership Interest in the U.S. Court of Appeals 11th Circuit Court Case Number 5:18-CV-460 (MTT)." *Id.* The above-captioned action is a different action that is entirely separate from Case Number 5:18-cv-560 (and its appeal), and neither Plaintiff York nor Mr. Bey has provided the Court with any legal basis for allowing Mr. Bey to prosecute this case on Plaintiff's behalf. As such, if Plaintiff York wishes to proceed with this case on his own, it is his responsibility to comply with the instructions set forth in this Order.[2]

Plaintiff York shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the required filing fee or submit a proper and complete motion for

---

[2] To have standing to sue a defendant, an individual must generally "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant" and must "assert his own legal interests rather than those of third parties." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979) (internal quotation marks omitted). An exception to this general principle is that "an incompetent person who does not have a duly appointed representative may sue by a 'next friend.'" *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013) (per curiam) (citing Fed. R. Civ. P. 17(c)(2)). But "[n]ext friend standing is not granted automatically to whoever seeks to pursue an action on behalf of another." *Id.* Instead, the "next friend" must first explain why the real party in interest cannot appear on his own behalf and must also demonstrate that the "next friend" is "truly dedicated to the best interest of the person on whose behalf he seeks to litigate." *Id.* Furthermore, "in certain types of litigation," the Eleventh Circuit has "held that a next friend cannot represent the plaintiff i[n] a *pro se* capacity." *Wint by and through Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 470-71 (11th Cir. 2021) (per curiam). Mr. Bey has not established that he has the authority to sue on Plaintiff York's behalf as his "next friend" or that he has some other basis for raising Plaintiff York's claims in this case in this Court.

5

leave to proceed *in forma pauperis* in this action and (2) file his recast complaint with the Clerk of Court as described above.  **If Plaintiff York does not timely and fully comply with this Order, this action may be dismissed.**   Plaintiff York is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. The Clerk is **DIRECTED** to mail a copy of this Order to Mr. Bey at his address of record in addition to mailing Plaintiff York a copy of this Order to his address at the Florence USP.   There shall be no service of process in this case until further order of the Court.

    **SO ORDERED**, this 12th day of January, 2024.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge