# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MALACHI Z YORK, | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:23-CV-00488-MTT-CHW |
| MACON COUNTY POLICE DEPARTMENT, | : |
| **Defendant.** | : |

## ORDER

Plaintiff Malachi Z. York, also known as Dwight D. York, a federal inmate presently housed in the Florence ADMAX USP in Florence, Colorado, has filed a *pro se* pleading that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On January 12, 2024, Plaintiff was ordered to recast his Complaint on the Court's standard form and either pay the required filing fee or submit a complete and proper motion for leave to proceed without payment of the filing fee. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Jan. 12, 2024, ECF No. 2.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was again given fourteen (14) days to respond, and he was again warned that the failure to comply

with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Feb. 23, 2023, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 2nd day of April, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] It is unclear from the Complaint whether the applicable statute of limitations has run or is about to run on any of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).